UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TROY JONES,                                   :

    Plaintiff,                               :     Case No. C-1-00-95

v.                                            :

HAROLD CARTER, et al.,                        :     JUDGE SPIEGEL

    Defendants.                              :

## FINAL PRETRIAL ORDER

This action came before the Court at a final pretrial conference held on the 16th day of September, 2003, pursuant to Rule 16, Federal Rules of Civil Procedure.

    I.    APPEARANCES:

        For Plaintiff: Troy Jones, *pro se* by telephone

        For Defendants:  Marianne Pressman, Philip King, Assistant Attorneys General

    II.    NATURE OF ACTION AND JURISDICTION:

        A.    This is an action for damages.

        B.    The jurisdiction of the Court is invoked under Title 42 United States Code, Section 1983.

        C.    The jurisdiction of the Court is not disputed.

    III.    TRIAL INFORMATION:

        A.    The established length of trial is 3 days.

        B.    Trial to Jury has been set for October 7, 2003.

AGREED STATEMENTS AND LISTS:

    A.    General nature of the Claims of the Parties

        1. PLAINTIFF CLAIMS: Plaintiff asserts a right of recovery for Defendants' excessive use of force.

        2. DEFENDANT CLAIMS: Defendants deny liability as asserted by Plaintiff.

    B.    Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel.

1. Plaintiff is and was, at the relevant time, an inmate incarcerated at Southern Ohio Correctional Facility.

2. Plaintiff lived in a segregation unit, Administrative Control (AC) cellblock K-3.

3. Plaintiff was assigned to cell K-3-22.

4. On September 4, 1999, Defendants, during a cell shakedown, found contraband in Plaintiff's cell.

5. After gaining permission from their supervisor, Defendants went back to cell 22 to remove Plaintiff from his cell and escort him to cellblock J-2, for security control investigation.

6. Plaintiff was handcuffed from the rear and shackled before he was removed.

7. On the way to J-2, an incident occurred on the steps between Plaintiff and Defendant Sheperd.

8. After the incident on the stairs, Lt. Thompson and Officer Lee escorted Plaintiff to J-2 security control.

9. Plaintiff was examined by Nurse Treadway, who cleaned a cut on his head and applied a band-aid.

10. Plaintiff went before the Rules Infraction Board (RIB) and was found guilty of Class II, Rule 12, threats against Defendant Officer Basham.

11. He served 15 days in disciplinary control and then was returned to AC.

12. A Use of Force Committee investigated the incident and determined that Defendants did not use excessive force.

C. Issues of Fact and Law:

1. CONTESTED ISSUES OF FACT: (a) Whether Defendants used excessive force, (b) The nature of Plaintiffs' injuries, (c) The manner in which Plaintiff and Defendant Sheperd ended up on the lower steps.

2. No contested issues of law

D. Witnesses:

1. Plaintiff will call or will have available for testimony at trial those witnesses listed on Appendix A hereof.

2. Defendants will call or will have available for testimony at trial those witnesses listed on Appendix B hereof.

3. Leave to call additional witnesses may be granted by the Court in unusual situations. Counsel seeking such leave must file a Motion to Add Witnesses and serve a copy upon opposing counsel with names, addresses, and an offer of proof of such witness' testimony at least five (5) days prior to trial.

4. The order in which witnesses are listed will be deemed the order in which such witnesses will be called unless counsel presents a revised order of witnesses' appearance at least 48 hours in advance of such appearances.

E. Exhibits

The parties will offer as exhibits those items listed herein as follows:

1. Joint Exhibits – Appendix C

Trial deposition/video tapes will offer testimony of the following witnesses: Rafael Dixon and Mason Williams.

IV. **MODIFICATION:**

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

V. **SETTLEMENT EFFORTS:**

Plaintiff has made no offer to settle. Defendants do not believe Plaintiffs' claims are meritorious and are, therefore, disinclined to settle.

VI. **TRIAL TO A JURY:**

The parties will submit proposed Jury Instructions at least twenty-four (24) hours prior to trial."

_____
S. Arthur Spiegel
United States District Judge

_____
Troy Jones, Pro Se

s/Marianne Pressman
_____
Marianne Pressman, Counsel for Defendants

s/Philip King
_____
Philip A. King, Counsel for Defendants

## APPENDIX A

### PLAINTIFF'S WITNESSES

| NAME | SYNOPSIS OF TESTIMONY |
| --- | --- |
| Officer Atkins | Booth officer K-3 control center |
| Officer Datson | |
| Inmate Rafhel Dixon | Plaintiff's witness |
| Inmate Mason Williams | Plaintiff's witness |

## APPENDIX B

### DEFENDANTS' WITNESSES

| NAME | SYNOPSIS OF TESTIMONY |
|---|---|
| Carl Wilson | Photographer for K3 pictures |
| Tim Basham | Co-defendant |
| Gary Sheperd | Co-defendant |
| Jeri Treadway | Nurse who treated Plaintiff immediately after incident |
| Guy Lee | Corridor officer-struck by Plaintiff |
| Rancie Hannah | Chairman – use of force committee |
| Harold Carter | Former warden of Southern Ohio Correctional Facility |

## APPENDIX C

## JOINT EXHIBITS OF PLAINTIFF AND DEFENDANTS

I. Basham conduct report 9/4/99

II. Sheperd conduct report 9/4/99

III. Use of Force Committee Report 11/08/99

IV. Use of Force Committee Report 12/2/99

V. Unusual Incident Report 9/4/99 – Jones with anatomical

VI. Interdisciplinary Progress Notes 9/4/99 – 4/19/00

VII. X-ray Report 8/22/00

VIII. Unusual Incident Report 9/4/99 – Lee with anatomical

IX. Incident Report – Basham – 9/4/99

X. Incident Report  - Sheperd – 9/4/99

XI. Incident Report – Guy Lee – 94/4/99

XII. RIB Tapes

XIII. Use of Force Tapes

XIV. Photographs of K3

XV. Diagram of K3

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2003, a copy of foregoing *Final Pretrial Order* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify the a copy of the foregoing was sent to Plaintiff Troy Jones, #239-697 at Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601, via regular U.S. mail, postage prepaid, this same day.

s/ Philip A. King

PHILIP A. KING
Assistant Attorney General